```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

KANNAN NAGARAJAN,              )
                               )
          Plaintiff.           )
                               )
     v.                        )     1:24CV897
                               )
PETRIE CONSTRUCTION LLC and    )
5366 LOGISTICS LEOPARDO MPA    )
SDVOSB JV LLC,                 )
                               )
          Defendants.          )

### **ORDER**

Before the court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 5.) Defendants have not filed a response.[1] For the reasons set forth below, the motion will be denied.

According to the complaint, Plaintiff previously worked for Perfect Group LLC, a Mississippi-based steel fabrication company, as its Vice President of Operations. (Doc. 1 at 5.) The complaint asserts that Perfect Group LLC went out of business after Petrie Construction LLC, a Defendant here, failed to make payment for a construction project. (Id.) That construction project occurred in Rowan County, North Carolina. (Id. at 4.) Petrie Construction LLC filed an arbitration claim against Perfect Group LLC on September 9, 2023; Petrie Construction LLC amended the complaint

---

[1] The court cannot discern whether Defendants have even been served, as Plaintiff lacks a proper affidavit of service. (See Doc. 6 at 1.)

on February 16, 2024, to join Plaintiff personally. (Id. at 5.) Plaintiff complains that the arbitrator granted the discovery requests of Petrie Construction LLC but denied the discovery requests of all other parties to the arbitration. (Id.)

On October 25, 2024, Plaintiff filed this lawsuit requesting several types of relief. Most relevant for the present motion, Plaintiff asks this court to (1) "[s]top the arbitration process in the State of Maryland"; (2) "[f]orce arbitration to be started in the State of North Carolina"; and (3) "[r]emove Plaintiff, Kannan Narajan[,] from this arbitration process, as a non-signatory [to the underlying contract]." (Id. at 6.)

Plaintiff filed his motion for a temporary restraining order currently before the court on November 27, 2024. (Doc. 5.) Plaintiff requests a restraining order against the arbitrator's scheduling order and discovery deadlines. Specifically, Plaintiff requests that this court

> Review and issue Temporary Restraining Order against the following two deadlines set by American Arbitration Association, til final outcome of this court case is reached[:]
> 1. December 3rd, 2024 deadline for pre hearing briefs, exhibits, witness list, expert witness list etc.,
> 2. December 16th, 17th, 18th, 2024 "Evidentiary Hearing."

(Doc. 5 at 1.)

At the outset, the court notes that Plaintiffs' motion lacks a supporting brief, as required by Local Rules 7.3(a) and 65.1(a). The motion also cites no caselaw in support. On

2

these grounds alone, it is denied.  See Accordius Health LLC v. Marshall by and through Stirewalt, No. 1:20cv464, 2020 WL 13032699, at *1 (M.D.N.C. June 17, 2020).

In addition, the motion fails to address the appropriate legal standard.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest."  Id. at 20.  These factors also apply to the issuance of a temporary restraining order.  Green v. ABC Companies, 702 F. Supp. 3d 418, 423 & n.1 (W.D.N.C. 2023).  Because preliminary relief is extraordinary and not to be granted as a matter of course, it may "only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22.

The motion fails to address any of the requirements for a temporary restraining order.  Instead, it references the original complaint that seeks, among other relief, this court's removal of Plaintiff from the ongoing arbitration.  (Doc. 5 at 1.)  Thus, it falls far short of a clear showing that Plaintiff is entitled to the extraordinary relief of a temporary restraining order.

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is DENIED without prejudice.

                                            /s/   Thomas D. Schroeder
                                           United States District Judge

December 4, 2024

4

Case 1:24-cv-00897-TDS-JEP   Document 7   Filed 12/04/24   Page 4 of 4